NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Eastern District of Kentucky
FILED
APR 6 - 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-48-DLB

JERRY LEE WARD, II and DONNA WARD                               PLAINTIFFS

VS:            **MEMORANDUM OPINION AND ORDER**

APPALACHIAN FEDERAL CREDIT UNION, ET AL.                        DEFENDANTS

The plaintiffs, Jerry Lee Ward, II, and his wife, Donna Ward, who list their address as 104 Lackey Avenue, Louisa, Kentucky, 41230, have filed this *pro se* civil rights proceeding. The plaintiffs assert as jurisdiction for their claims: (1) a West Virginia statute, W. Va. Code § 46A-60101 *et seq.*; (2) the Kentucky Consumer Protection Act ("KYCPA"), K. R.S. 367.170, *et seq.*; (3) and general state law contract and/or tort principals of unjust enrichment, fraud, extortion, and collusion. Construed broadly, the plaintiffs appear to assert claims under 42 U.S.C. §1983.[1] In view of federal question jurisdiction, the Court need not address whether diversity jurisdiction is lacking. The plaintiffs have paid the $255.00 filing fee.

NAMED DEFENDANTS

The named defendants are: (1) the Appalachian Federal Credit Union ("the AFCU"), P.O. Box 504 Berea, Kentucky, 40403; (2) the Mountain Economic Development Fund ("the MEDF"), 108 Marshall Street, P.O. Box 187, Stanton, Kentucky, 40380; (3) Michael Hogan, Attorney, 122 South Main Cross Street, Louisa, Kentucky, 41230; (4) Garrett Roberts, Lawrence County Sheriff,

---

[1] To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

122 South Main Cross Street; and (5) Daniel Sparks, whom the plaintiffs identify only as "Judge," P.O. Box 212, Louisa, Kentucky, 41230.[2]

## ALLEGATIONS OF THE COMPLAINT

The complaint consists of an unnumbered thirteen-page single-spaced complaint. The "Overview" section of the complaint [pp. 4-5] fails to clearly explain the specific factual allegations of the plaintiffs' claims. The complaint makes numerous general references to persons and actions. It fails, however, to provide a concise, chronological summary of the relevant dates and facts in a manner which would have assisted the Court in deciphering the exact claims being asserted.

Construing the complaint broadly, it appears that the plaintiffs may be objecting to the terms of a loan they obtained from defendant AFCU and/or the MEDF.[3] It appears that this loan may have been secured by real property which the plaintiffs own or owned. It further appears from the plaintiffs' references to a foreclosure sale that they challenge either the fact that a legal foreclosure in the Lawrence Circuit Court resulted from a default of a term under the loan, and/or the manner in which the probable foreclosure was conducted. The plaintiffs allege as follows:

> The AFCU and the MEDF has intentionally misled the Court and the Court Clerk and subsequent purchaser of the property and the general public to believe that the Plaintiff's had not fulfilled its obligation to the Defendant. AFCU and the MEDF did this by filing for a Trustee's Sale, using a contract option for non-judicial foreclosure in a contract between the parties and, on or about September 28, 2005, transferring said trustee's deed to AFCU and MEDF. Plaintiffs had paid the debt in full. Plaintiffs had also made debt validation requests to AFCU and MEDF prior to this and was ignored by the AFCU and the MEDF. Plaintiffs have been damaged by the ensuing fraudulent sale of his property and by the legal costs of defending against these unlawful actions.

---

[2] The Court takes judicial notice of the fact that Judge Daniel Sparks is the Circuit Judge of Lawrence County, Kentucky.

[3] The plaintiffs do not describe the relationship, if any, between the AFCU and the MEDF.

2

[Complaint, p.4].

The plaintiffs make the following additional statements under the section of the complaint entitled "Facts of Legal Duties Which Were Breached":

> *On or about January of 2003*, I discovered that the general rule for banks is that the original promissory note that I had signed and given to AFCU and MEDF was used to trade for Federal Reserve Notes and that AFCU and MEDF did not actually loan me anything of value of their own thus changing the cost and risk of the agreement wherein AFCU and MEDF had no cost or risk involved . . . . *I was unaware of this method of creating money until this time* and the AFCU and MEDF did not disclose this to me."

[*Id.* p. 7] {Emphasis Added}.

The plaintiffs do not refer to the other named defendants within the body of the complaint. Again, broadly construing this *pro se* complaint, it appears that these defendants may have had some official roles in the probable foreclosure proceeding about which the plaintiffs complain.

## RELIEF REQUESTED

The plaintiffs request monetary damages in the amount of $537,750.00 [Complaint, p.10]. Under the section of the complaint entitled "Further Relief Requested," the plaintiffs appear to seek injunctive relief by asking this Court to "[O]rder the unlawful sale of the property by Defendant voided" and to "[g]rant and an order that Defendant will recover title of the property to Plaintiff or that title is reconveyed directly by court order. . . Plaintiffs should be restored the property and the Defendants keep nothing. " [*Id.*, p. 11]

## DISCUSSION
### 1. Authority to Screen

The Court screens this non-prisoner, fee-paid complaint under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a

limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). For several reasons, the Court determines that the instant complaint must be dismissed.

## 2. Statute of Limitations:  KYCPA Claims

The plaintiffs do not state when the defendants allegedly violated unspecified provisions of the KYCPA. They do refer to a *subsequent* date (January, 2003) when they claim that they *discovered* the date of the alleged KYCPA violations. The plaintiffs allege that in **January, 2003**, they first learned about, or suspected, alleged improprieties concerning their loan transactions with either the AFCU or the MEDF. If January, 2003 was the time during which the plaintiffs claim that they *discovered* the defendants violated the KYCPA, it would stand to reason that the alleged KYCPA violations actually occurred *prior* to January, 2003.

Even assuming for the benefit of the *pro se* plaintiffs that the alleged KYCPA violations did in fact occur *during* January, 2003, the plaintiffs' claims under the KYCPA would still clearly be barred by the relevant two-year statute of limitations. This action was not filed until over three years

4

later, on March 23, **2006**. The KYCPA's statutory scheme contains a two-year statute of limitations, set forth in KRS 367.220(5):

> Any person bringing an action under this section must bring such action within one (1) year after any action of the Attorney General has been terminated or within two (2) years after the violation of KRS 367.170, whichever is later.

KRS 367.220(5).

According to Kentucky law and federal case law from this Court which has interpreted state law under the KYCPA, the plaintiffs were required to have asserted their claims of alleged violations of the KYCPA within two years of the date of the alleged violation. In *Cook v. State Farm Mut. Auto. Ins. Co.*, 2004 WL 2011375, *3- *4 (Ky. App. September 10, 2004) (Not Reported in S.W.3d) (Only the Westlaw citation is currently available), plaintiff Cook asserted claims under the KYCPA. Kentucky Court of Appeals noted that while the KYCPA may have a broad application to afford broad protection, it is also specific as to when the action must be brought.

The Kentucky Court of Appeals determined that the act or practice about which Cook complained occurred, at the very latest, on November 8, 1996. The court held that this was the date on which Cook's cause of action accrued. Because Cook did not file her complaint until January of 1999, more than two years later, the Kentucky court held that Cook's claims under the KYCPA were time-barred. *See also Sanderson v. Reassure Am. Life Ins. Co*, 97-CV-276 (Hon. Jennifer B. Coffman, presiding).[4]

Accordingly, dismissal of the plaintiffs' KYCPA claims, based upon the statute of

---

[4] In *Sanderson*, this Court relied on *Coslow v. General Elec. Co.*, Ky., 877 S.W.2d 611 (1994) and *Wright v. Oberle-Jordre Co., Inc.*, Ky., 910 S.W.2d 241 (1995) and held that the KYCPA gave rise to "a new statutory cause of action derived from legislative largess, not common law." As such, this Court declined to graft the discovery rule onto the two-year statute of limitation on KYCPA claims and dismissed the plaintiff's claim as time-barred. *Id.* at 9-12.

limitations, is appropriate. "A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate." *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995); *see also Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, **1 (6th Cir. (Mich.)) (Unpublished opinion); *Alston v. Tennessee Dept. of Corrections*, 28 Fed. Appx. 475, 2002 WL 123688 (6th Cir.(Tenn.). The plaintiffs' KYCPA claims are dismissed with prejudice, as time-barred.

### 3. *Rooker-Feldman* Doctrine

It appears that the plaintiffs challenge the legality of a probable foreclosure action which may have been instituted against them in the Lawrence Circuit Court. Under the *Rooker-Feldman* doctrine, they may not proceed with that challenge in this Court. The *Rooker Feldman* doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

The *Rooker-Feldman* doctrine proceeds on two fronts. "First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998) (internal citation omitted). "Where federal relief can

only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (internal citation omitted).

Second, the *Rooker-Feldman* doctrine precludes federal court jurisdiction where the claim is "a specific grievance that the law was invalidly--even unconstitutionally--applied in the plaintiff's particular case." *Id.* (internal citation omitted).[5]

That the plaintiffs' claims are "inextricably intertwined" with the probable state court proceeding is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the probable judgments of foreclosure entered by the state court. Each of the myriad and vague claims set forth by the plaintiffs rests on the apparent premise that the probable entry of foreclosure in state court was invalid. Without a holding from the United States Supreme Court that the state court was wrong on this point, there is no way for this Court to find that the plaintiffs' constitutional rights have been violated.

Several Sixth Circuit cases have rejected federal claims asserted under similar facts. In *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490 (6th Cir. (Ohio) December 22, 2005) (Not selected for publication in the Federal Reporter), the Sixth Circuit held that under the *Rooker-Feldman* doctrine, the district court had no subject matter jurisdiction over the mortgagors' claims (including alleged violations of Fair Debt Collection Practices Act and deprivation of procedural due process) against the mortgage companies and attorneys who prosecuted the state

---

[5]Exceptions to this doctrine of abstention exist when plaintiffs attack the constitutionality of the statute or authority for the state court proceedings themselves, *see Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir.2004), or raise "a general challenge to the constitutionality of the state law applied in the state action," *Catz*, 142 F.3d at 293; *see also Patmon v. Mich. Sup. Ct.*, 224 F.3d 504, 509-10 (6th Cir.2000), but neither of these exceptions applies here.

court foreclosure actions. Citing *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937-38 (6th Cir. 2002), the court upheld the dismissal of the mortgagors' federal challenge to the foreclosure, finding that the claims were inextricably intertwined with the state court foreclosure judgments.

In *Saker v. National City Corp.*, 90 Fed. Appx. 816 (6th Cir. (Ohio) January 26, 2004) (Not selected for publication in the Federal Reporter), a judgment debtor brought an action alleging trespass, conversion and negligence stemming from a creditor's assuming possession of his residence following state court judgment in foreclosure and sheriff's sale of premises. The district court entered summary judgment in favor of judgment creditor. On appeal, the Sixth Circuit held that *Rooker-Feldman* doctrine barred judgment debtor's action.

In *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996 (6th Cir. (Ky.) September 24, 2003) (Not selected for publication in the Federal Reporter), the debtor filed §1983 action alleging that the Kentucky state courts had violated his rights during a foreclosure proceeding. This Court, Hon. Joseph M. Hood presiding, dismissed the complaint, and the debtor appealed. The Sixth Circuit held that: (1) abstention was warranted, and (2) *Rooker-Feldman* doctrine barred this Court from reviewing the state court's decision.

Based upon the facts as alleged in the instant complaint, the plaintiffs' construed §1983 claims relating to the presumed foreclosure action in the Lawrence Circuit Court must be dismissed with prejudice under the *Rooker- Feldman* doctrine.

### 4. Lack of Subject Matter Jurisdiction over Remaining State Law Claims

The plaintiffs assert a myriad of *state* law contract and tort claims against the defendants. Subject matter jurisdiction is necessary for the exercise of federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed. R.

8

Civ. P. 12(b)(1)). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Either the court, *sua sponte*, or a party may assert the lack of subject matter jurisdiction at any time during the course of an action. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992). Once challenged, the burden of establishing a federal subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942).

Absent any other basis for jurisdiction, federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)). Without more, federal courts are not an avenue for redress of tort claims. *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).

This Court declines jurisdiction over state law claims. *Long v. Bando Manufacturing of America*, 201 F.3d 754, 759 (6th Cir. 2000); *Baldridge v. Kentucky-Ohio Transportation, Inc.*, 983 F.2d 1341 (6th Cir. 1993) (this Court properly remanded a wrongful discharge action to state court). To the extent that the plaintiffs have asserted possible state law claims, they do not constitute "federal questions" invoking jurisdiction in this Court. In *Mayers v. Sedgwick Claims Management Services, Inc.*, 101 Fed. Appx. 591, 2001 WL 34561629, 34561629, (6th Cir. (Tenn.) June 10, 2004) (Not selected for publication in the Federal Reporter), the Sixth Circuit held that the district court, having found no basis for federal jurisdiction, properly declined to consider the plaintiff's state law claim which included breach of contract, gross negligence, fraud, and breaches of duty and due care.

The Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966); *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279-80 (6th Cir.2000).

Accordingly, dismissal of the plaintiffs' state law claims without prejudice is appropriate. Fed. R. Civ. P. 12(b)(1); *Apple v. Glenn*.

## CONCLUSION

It is **ORDERED** as follows:

(1) The plaintiffs' construed claims under 42 U.S.C. §1983, and their claims under the KYCPA, are **DISMISSED WITH PREJUDICE**.

(2) The plaintiffs' state law claims of unjust enrichment, fraud, extortion, and collusion are **DISMISSED WITHOUT PREJUDICE**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendants.

(4) The Clerk of the Court is instructed to mail a copy of this Memorandum Opinion and Order to the persons and entities listed on page 13 of the complaint, at the addresses which the plaintiffs have listed.

This 6th day of April, 2006.



Signed By:
David L. Bunning
United States District Judge